INDEPENDENT ICE & COLD STORAGE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20234.   Promulgated January 24, 1929.

*Walter E. Barton, Esq.*, and *Raymond C. Cushwa, Esq.*, for the petitioner.

*R. W. Wilson, Esq.*, for the respondent.

## OPINION.

SMITH: The first contention of the petitioner is that the assessment and collection of any deficiency in tax for 1921 is barred by

the statute of limitations. Its return for 1921 was filed on March 15, 1922, and the petitioner contends that the statute of limitations operated to bar the assessment and collection of a deficiency after March 15, 1926. The respondent contends, however, that he is not barred from making the assessment and collection of a deficiency for 1921, inasmuch as the petitioner filed a consent in 1925 extending the period within which the assessment and collection of an additional tax for 1921 might be made. The consent was given by the secretary-treasurer of the corporation, who was in charge of the books and the office of the petitioner. The petitioner contends that the giving of the consent was not authorized by the petitioner's board of directors or by its president and that under the statutes of Louisiana only the president is authorized to execute such a consent as that given to the respondent by the secretary-treasurer on November 9, 1925. Section 16 of Act 267 of 1914, relied upon by the petitioner, provides as follows:

Be it further enacted, etc., That the president, vice-president *or manager* of any corporation organized under the laws of Louisiana, or of a foreign corporation doing business in this State, shall have power in the name and in behalf of the corporation to authorize the institution of any suit and other legal proceedings, and no exception of want of authority shall lie on the part of any defendant. They shall have authority to direct the issuance of conservatory writs; the bonding of property in custodia legis, without other general or special power from the board of directors of such corporation. Such person, or persons, are also authorized by and on behalf of said corporation to execute in its name any bond, or bonds, in connection with any legal proceedings where it is a party plaintiff, defendant, intervenor, third opponent or otherwise interested, and to make any affidavit required by law or the rules of the court; and *such acts by the person, or persons, designated in this section, shall have the same force and effect as the act of the corporation, itself and be binding upon it;* provided, however, that the authority and powers herein conferred upon said officers, may be modified, limited or denied to them by the charter or by-laws of the corporation or by resolution of the board of directors. Such by-laws or resolution to effect the purpose must, however, be placed of record at the domicile of the corporation in the office where the charter is recorded. (Italics ours.)

This statute specifically provides that not only the president but also the vice president or " manager " of a corporation might execute an instrument of the character of the consent given by the petitioner on November 9, 1925. The consent was given by the person who was the manager of the petitioner at the time that the agent called. He held the important office of secretary-treasurer of the corporation, and as such executed the return of the petitioner. The Board is of the opinion that the consent is sufficient to bind the petitioner. See *American Feature Film Co.*, 11 B. T. A. 1271, and *Welz & Zerweck, Inc.*, 11 B. T. A. 1416.

In its income-tax return for 1921 petitioner deducted large amounts as additional compensation paid to its president and direc-

tors. The president of the corporation unqualifiedly stated that these amounts were designed to compensate the officers for services performed prior to the taxable year. The petitioner's books were kept and its income-tax return was made on the basis of accruals. The taxing statute permits a corporation to deduct " all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salary or other compensation for personal services actually rendered." Section 234 (a) (1), Revenue Act of 1921. Under the scheme of the taxing statute each taxable year stands by itself. A corporation may not deduct from its profits of one year the expenses that logically belong to a prior year. This is clearly true of a taxpayer making returns upon the basis of accruals. Under such a system of accounting and reporting, each year should show the true net income of that year. Clearly the true net income of 1921 is not reflected if there is deducted from the gross income of the year the compensation of officers and employees of prior years. This question has many times been passed upon by this Board. *Wood & Bishop Co.*, 4 B. T. A. 271; *South Bend Supply Co.*, 4 B. T. A. 461; *Illinois Paper Box Co.*, 4 B. T. A. 1227; *Twin City Tile & Marble Co.*, 6 B. T. A. 1238. The disallowance of the deduction of the additional compensation paid in 1921 for prior years' services is sustained.

*Judgment will be entered under Rule 50.*